**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4130

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTHONY WAYNE HAWKINS, a/k/a Kentucky,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville. Henry M. Herlong, Jr., Senior District Judge. (6:22-cr-00186-HMH-2)

Submitted: May 30, 2024                    Decided: June 21, 2024

Before QUATTLEBAUM and RUSHING, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Alec J. Smith, APPELLATE JUSTICE INITIATIVE AT MCGUIREWOODS LLP, Chicago, Illinois; Lucas C. Marchant, Greenville, South Carolina; Gregory J. DuBoff, APPELLATE JUSTICE INITIATIVE AT MCGUIREWOODS LLP, Richmond, Virginia, for Appellant. Adair F. Boroughs, United States Attorney, Sheria A. Clarke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

USCA4 Appeal: 23-4130      Doc: 39      Filed: 06/21/2024      Pg: 2 of 4

PER CURIAM:

Anthony Wayne Hawkins appeals his conviction by a jury of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). The district court sentenced Hawkins to 120 months' imprisonment. On appeal, Hawkins argues that the court abused its discretion and violated his rights under the Confrontation Clause when it restricted him from asking a cooperating codefendant at Hawkins' trial about the specific sentences the codefendant avoided or hoped to receive in exchange for his testimony and about the codefendant's anticipated Sentencing Guidelines range. We affirm.

"[A] defendant's right to cross-examine cooperating witnesses about sources of potential bias is guaranteed by the Confrontation Clause of the Constitution." *United States v. Cropp*, 127 F.3d 354, 358 (4th Cir. 1997). "We review for abuse of discretion a trial court's limitations on a defendant's cross-examination of a prosecution witness." *United States v. Ramos-Cruz*, 667 F.3d. 487, 500 (4th Cir. 2012) (internal quotation marks omitted). A district court abuses its discretion by basing its decision on clearly erroneous findings of fact or by misapprehending the law. *United States v. Zayyad*, 741 F.3d 452, 458 (4th Cir. 2014). However, a district court has wide latitude in imposing limits on the cross-examination of a witness, and may impose such limits to avoid harassment, prejudice, confusion of the issues, repetition, or marginal relevance. *Id.* at 459.

"[T]he exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *Davis v. Alaska*, 415 U.S. 308, 316-17 (1974). And "[a] witness'[] understanding of the potential penalties faced prior to entering into a plea agreement may demonstrate bias and prejudice, as well as the

3

motive of the witness for testifying against the defendant and for the prosecution." *United States v. Turner*, 198 F.3d 425, 430 (4th Cir. 1999).  But while a defendant may ask a cooperating witness whether he hopes to receive some benefit in exchange for his testimony, a district court may generally prohibit the defendant from asking questions about the "specific penalties" the witness avoided by pleading guilty, as well as questions about the "mechanics of the Guidelines" or specific Guidelines ranges.  *Cropp*, 127 F.3d at 358-359; *see United States v. Scheetz*, 293 F.3d 175, 184 (4th Cir. 2002) (holding that the "district court did not err in refusing to allow Scheetz's counsel to ask questions concerning Sentencing Guidelines ranges").

Here, the district court did not prevent Hawkins from asking the cooperating codefendant whether he expected to receive some benefit in exchange for his testimony, instead ruling only that Hawkins could not ask about specific sentences or delve into the mechanics of the Sentencing Guidelines.  *See Cropp*, 127 F.3d at 358-59.  We therefore find that the district court did not violate Hawkins' rights under the Confrontation Clause or otherwise abuse its discretion.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal conditions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*

4